## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MISSION MOTORCYCLES, INC.,**<br><br>   **Plaintiff,**<br><br> **v.**<br><br>**VINCENT IP,**<br><br>   **Defendant, Counterclaim and Crossclaim Plaintiff,**<br><br> **v.**<br><br>**MISSION MOTORCYCLES, INC. MARK SEEGER, and LOWENSTEIN SANDLER,**<br><br>   **Counterclaim and Crossclaim Defendants.** | No. 13-cv-7684 (KM)(MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter comes before the Court on the Court's own Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction, citing 28 U.S.C. §§ 1332 and 1367. (ECF No. 98) The parties were invited to submit briefs, not to exceed 10 pages, on or before the December 30, 2015; all parties except Mission Motorcycles, Inc., did so. The Order to Show Cause was made returnable in my courtroom on January 8, 2016.

  Jurisdiction in this action was originally founded on diversity. The plaintiff, Mission Motorcycles, Inc., is incorporated in Delaware and has its principal place of business in California; defendant IP is a citizen of New Jersey; and the complaint, although one for a declaratory judgment, alleged that more than $75,000 was in controversy. Defendant Ip later brought counterclaims and cross claims against Mission, Mark Seeger,

and Lowenstein Sandler LLP. (ECF No. 13) As to these parties, complete diversity is lacking. Seeger is (like Mission) a citizen of California, and multiple partners of Lowenstein are (like Ip) citizens of New Jersey. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (for purposes of § 1332(a), citizenship of limited partnership is that of its partners). *See generally Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (first stating the "complete diversity" rule).

If this action remained in its original configuration, the addition of claims against nondiverse parties would not necessarily pose a jurisdictional problem. The supplemental jurisdiction statute, 28 U.S.C. § 1367, would permit the court to hear them if they could fairly be regarded as part of the same "case or controversy." *Id.*

But this action does not remain in its original configuration. Mission has disappeared from the case. A corporation cannot appear *pro se,* but only through counsel.[1] Lowenstein, with leave of the Magistrate Judge, has withdrawn as Mission's counsel. (ECF No. 73) The Magistrate Judge repeatedly extended Mission's time to obtain new counsel, most recently until October 15, 2015, and authorized a motion to dismiss for lack of prosecution if no counsel appeared by then. (ECF No. 81) Ip filed such a motion to dismiss on October 21, 2015 (ECF No. 89); Mission did not respond. (I administratively terminated pending motions, however, pending the outcome of this order to show cause.)

---

[1]    *See Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir.1966); *Einhorn v. Highway Saftey Sys., Inc.*, No. CIV. 13-2021 RBK, 2015 WL 5567303, at *4 (D.N.J. Sept. 22, 2015) (Kugler, J.) ("Because the Defendant is a corporation, Plaintiff can proceed against it only if Defendant is represented by counsel.") *Harrington v. All Am. Plazas, Inc.*, No. CIV.A. 08-3848 (JLL), 2010 WL 2710573, at *2 (D.N.J. July 7, 2010) ("Corporations cannot represent themselves *pro se* and must obtain counsel."), *report and recommendation adopted*, No. CIV.A. 08-3848 (JLL), 2010 WL 2975764 (D.N.J. July 22, 2010) (striking answer where corporation failed to comply with order to obtain counsel).

Mission then filed in bankruptcy in the Northern District of California, Case No. 15-31262 HLB 7 (*see* ECF No. 86). Claims against Mission are of course automatically stayed. *See* 11 U.S.C. § 362. By text order, Magistrate Judge Hammer ordered that Ip's still-unopposed motion to dismiss for lack of prosecution be served on Mission's trustee in bankruptcy. (ECF Nos. 92, 93)  On November 24, 2015, Mission's trustee in bankruptcy responded by filing a notice of intent to abandon the claims filed by Mission in this action. (ECF No. 95-1)  I have reviewed the electronic bankruptcy docket, and I see that no objection has been filed.

My Order to Show Cause why the action should not be dismissed for lack of jurisdiction had a return date of January 8, 2016. Mission did not file any papers in opposition, did not appear, and did not state any intent to appear. (To be fair, counsel for Ip, though he filed a letter brief, inadvertently failed to appear as well.) Two major parties in interest being absent, I did not hear argument, but out of caution I carried the matter until January 22, 2016. I have reviewed the briefs, however, and I believe I may dispose of the matter on the papers. At any rate, I see little point in having the parties carry on shadowboxing with an unrepresented, bankrupt, absent adversary.

Mission's complaint must be deemed abandoned and dismissed. In dismissing Mission's complaint, I am only acknowledging the reality that Mission (impliedly, by failing to respond to the motion to dismiss for lack of prosecution, and affirmatively, through the statement of its trustee in bankruptcy) has abandoned its claims.[2]

---

[2]    Thus I distinguish this dismissal from a sanction for failure to obey a court order, which would require analysis of the *Poulis* factors. *See Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863 (3d Cir. 1984). Where a party willfully abandons his case, or makes adjudication of a matter impossible, *Poulis* balancing is unnecessary. *See, e.g., Spain v. Gallegos,* 26 F.3d 439, 454–55 (3d Cir. 1994) (party abandons her case); *Seberell ex rel. Seberell v.*

It was only based on diversity of citizenship between Mission and the original defendant, Ip, that this Court had subject matter jurisdiction in the first place. The other crossclaims and counterclaims, involving nondiverse parties, were in the case only by virtue of supplemental jurisdiction. Now, that jurisdictional anchor—Mission's claim against Ip—is gone.

Lowenstein urges that I dismiss the state law cross claims and counterclaims, as to which there is no independent basis for jurisdiction. Ip submits that the court may, and within its discretion should, continue to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. In the alternative, Ip requests that any dismissal be without prejudice to his reassertion of such claims in an appropriate state court.

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). As to the limits of discretion to retain state law claims after federal claims have been dismissed, the United States Court of Appeals for the Third Circuit has given the district courts some guidance:

> [W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.

*Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). In short, the presumptive rule is that the state claims shall be dismissed, unless reasons of economy and fairness dictate otherwise.

---

*Philadelphia Police Dept.*, 159 F. App'x 371, 373–74 (3d Cir.2005) (party's conduct makes adjudication impossible). The *Poulis* analysis, however, would certainly produce the same result.

Thus, where the case has been substantially litigated, it may be a proper exercise of discretion to retain it. *See Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993) (remanding for exercise of discretion as to whether to retain pendent claim, noting that where the district court already heard all evidence necessary to decide the state contract claim, it might retain jurisdiction). Where, on the other hand, the case is nowhere close to trial, remand is the proper course. *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

I find no substantial basis for retaining jurisdiction over the state claims here. This case has not progressed to the point that judicial economy, convenience and fairness require retention. The Court has not committed substantial resources to it. (I do not consider the efforts expended in dealing with Mission's failure to prosecute its claims.) Mr. Ip points to the exchange of limited discovery and the negotiation of protective orders. Those efforts, however, are not wholly sunk, but are transferable to any subsequently filed state court action.

More generally, this case's presence in federal court is a procedural artifact. It is, in substance, a claim by Mr. Ip against Mission, Mission's CEO, and counsel. One of those three parties (who happens to be diverse from Ip), no doubt because it anticipated being sued by Ip, brought this federal court action seeking a declaratory judgment. Had this action been brought by Mr. Ip in its natural form, against the three parties he considers liable, it could only have been filed in state court. Jurisdictionally, the tail is wagging the dog here.

I will therefore dismiss Mission's claims because they have been affirmatively abandoned (and, in the alternative, for lack of diligent prosecution). I will further exercise my discretion to dismiss all

remaining state law claims, brought by Mr. Ip, as to which there is no independent basis for jurisdiction.

Mr. Ip's request that any such dismissal be without prejudice is a proper one. *See Figueroa v. Buccaneer Hotel,* 188 F.3d 172, 182 (3d Cir. 1999. He did not choose this federal forum originally. This adjudication in not on the merits. *Id.* And, to be clear, it is the intention of the court that the statute of limitations be tolled in accordance with 28 U.S.C. § 1367(d).

Dated:  January 11, 2016

**KEVIN MCNULTY**
**United States District Judge**